Chris D. Matrangos v. Commissioner. Nick H. Matrangos v. Commissioner. John M. Tuntas v. Commissioner.
Matrangos v. Commissioner
Dockets Nos. 11674, 11675, 11677.
United States Tax Court
1949 Tax Ct. Memo LEXIS 134; 8 T.C.M. (CCH) 639; T.C.M. (RIA) 49170; June 29, 1949
*134 Clyde W. Chapman, Esq., Box 1922, Atlanta, Ga., for the petitioners. Bernard D. Hathcock, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: These proceecings involve an asserted transferee liability of petitioners on account of income tax, declared value excess profits tax, and excess profits tax deficiencies adjudged against the Arcade Restaurant, Incorporated, in the aggregate amount of $6,915.18 for the taxable year ended December 31, 1943. The dockets of all three petitioners were consolidated for hearing and opinion. In Docket No. 11674, a transferee liability in the amount of $4,778.25 is asserted against Chris D. Matrangos. In Docket No. 11675, a transferee liability is asserted against Nick W. Matrangos of $3,344.78. In Docket No. 11677, a transferee liability is asserted against John M. Tuntas in the amount of $2,771.39. The question presented to the Court is whether or not the respondent erred in asserting the above transferee liabilities against the respective petitioners. Findings of Fact Petitioners are individuals residing in Atlanta, Ga.
Prior to December 31, 1943, petitioners were stockholders in the *135 Arcade Restaurant, Inc. On December 31, 1943, Arcade Restaurant, Inc., was dissolved and all of its assets were assigned to petitioners herein in proportion to their stockholdings in Arcade Restaurant, Inc. at the time of its dissolution. At the time of the transfer of said assets petitioners assumed and agreed to pay all of the debts of said Arcade Restaurant, Inc. Subsequently the Commissioner determined a deficiency against Arcade Restaurant, Inc. in income, declared value excess profits and excess profits taxes in the total amount of $6,915.18. Arcade Restaurant, Inc. filed a petition in this Court requesting that said determination be set aside and on August 13, 1948, this Court found in favor of the respondent. The deficiencies involved in this litigation have never been paid although demand has been made upon the Arcade Restaurant, Inc., for payment. Prior to December 27, 1943, petitioner John M. Tuntas was treasurer of said corporation and one Anna Tuntas was secretary. Anna, together with her two children, Chrysanthy Tuntas Demetry and Danny Demetry, owned 137 shares of stock in Arcade Restaurant, Inc. She became dissatisfied with the manner in which the restaurant *136 was being run and expressed a desire to sell her stock and separate herself from the company. Thereupon the three petitioners, at a special meeting of the stockholders, voted to pay Anna Tuntas $22,500 for her stock to be purchased by the corporation from cash belonging to the corporation then on hand and to retain said stock when purchased in the corporate treasury. The resolution was passed and the corporation purchased the 137 shares of stock. Thereafter the outstanding stock of the corporation was owned as follows: nick h. matranges
70
Chris D. Matrangos
100
John M. Tuntas
58
The income and declared value excess profits tax return for the year 1943 of said corporation contained the following statement: "Balance sheet not available from records kept. Corporation liquidated as of 12/31/43. Stockholders accepting assets subject to liability for their stock." Following the dissolution of the corporation the three petitioners herein continued the operation of the Arcade Restaurant under a partnership of which each was a member and the assets of the corporation were transferred to the partnership by the individual partners. On March 15, 1949, petitioner John *137 M. Tuntas was personally served with a subpoena wherein he was requested to produce at the hearing in this case on March 21, 1949: "(1) The Minute Book of the Arcade Restaurant, Inc. (2) The Account Books of the Arcade Restaurant, Inc. embracing transactions of the year 1943, and specifically those showing the status of the corporate assets and liabilities immediately prior to liquidation on December 31, 1943. (3) The records of the Arcade Restaurant, Inc., including cancelled check (or checks), showing the purchase by the Arcade Restaurant, Inc. on or about December 27, 1943, of 137 shares of its own capital stock from Mrs. Anna M. Tuntas, Chrysanthy Tuntas Demetry, and Danny Demetry." At the time of the hearing the said John M. Tuntas did not produce any of the books of the company, nor did he make prior to the hearing any serious efforts to procure said books, and no balance sheet showing the financial condition of the Arcade Restaurant, Inc. as of December 31, 1943, was made available at the hearing. The reasonable market value of the stock of Arcade Restaurant, Inc., at the date of dissolution was $164 per share. The market value of the tangible corporate assets at dissolution *138 exceeded $30,000. Opinion A tax deficiency in the amount of $6,915.18 having been finally adjudicated against Arcade Restaurant, Inc., and the petitioners having received the assets of said corporation subject to liability for the corporate debts, the only question remaining before this Court is as to the value of the assets of said corporation on the day of liquidation. The respondent, in order to establish the value of the corporate assets, called John M. Tuntas to the stand and by evidence established that three days prior to the liquidation of the corporation, corporate stock had been purchased by the corporation from Anna Tuntas, secretary of the corporation, and her two children, at a price of $164 per share. The Commissioner then called upon the said Tuntas to produce the records for which he had received a subpoena six days prior to the hearing to show the condition of the assets and liabilities of said corporation on the date of its liquidation. Tuntas failed to produce any books or records showing in any way the receipts and disbursements of said corporation, its assets and liabilities, or any other matter pertaining to its business and testified in explanation of his *139 failure to produce said books and records: "The bookkeeper that have them is out of town." It developed from other testimony that the "bookkeeper" was also the lawyer for the corporation. How long he had been out of town, or how far he was out of town, or whether his trip out of town was a matter of necessity or of convenience was not in testimony. It is our conclusion that such testimony does not adequately explain the failure to produce the records of Arcade Restaurant, Inc. The testimony of Tuntas as to the purchase of the stock of Anna Tuntas three days before the liquidation was that she became dissatisfied and wanted to get out of the corporation. Tuntas was asked: "Q. You bought her out for $22,500. "A. That's right. That's what she asked for and that's what we give her." In the absence of any evidence of stock sales in this corporation or of any testimony as to what relationship Anna or her children had to the other members of the corporation, or of any other facts that would prevent this purchase and sale from being an arms-length transaction, it is our conclusion that the respondent, by introducing testimony as to the amount paid for the corporate stock three days prior *140 to the transfers of the corporate assets to petitioners, has established a prima facie case that the corporate stock of Arcade Restaurant, Inc. on December 31, 1943, had a reasonable market value of $164 per share. Since the owners of all the stock in Arcade Restaurant, Inc. continued the business as a partnership under the name of Arcade Restaurant, there was evidently some good will value reflected in the market value of the corporate stock. We have therefore found a market value of the tangible corporate assets at dissolution to have been in excess of $30,000. The respondent having established a prima facie case as to the market value of the stock and the value of the tangible assets of said corporation, the petitioners herein failed to introduce any competent evidence to meet the prima facie case thus established. They made no effort to subpoena the combined lawyer and bookkeeper who kept the corporate books. They failed to produce as a witness Anna Tuntas, the secretary of the corporation just prior to dissolution, who was in an excellent position to testify as to any condition of her sale of stock to the corporation which would have removed said sale from an arms-length transaction. *141 Nor were we favored with her opinion as to the value of the corporate tangible assets or stock. Petitioners also failed to introduce any competent evidence as to the value of the assets established by them in opening the books of the partnership immediately after the dissolution of the corporation. Even though the burden of proof in this case is upon the respondent, when the respondent established in evidence the actual price paid for the stock three days prior to the dissolution, he thereby had obtained a preponderance of the evidence which was not met by the petitioners. It is therefore our conclusion that the respondent has established the value of the assets received by petitioners herein on the liquidation of the Arcade Restaurant, Inc., in excess of $30,000, and that the petitioners herein are liable as transferees in the amounts asserted by the respondent. Decision will be entered for the respondent.